## OULLAHAN et al. v. BALDWIN et al.[*]

### Sac. No. 112; August 21, 1896.

#### 45 Pac. 1032.

Appeal—Reversal.—A Judgment cannot, on Appeal, be reversed on the evidence, and judgment ordered for appellants, when the findings of fact support the judgment.

Appeal.—Where the Evidence is Conflicting, findings of fact will not, on appeal, be disturbed.

APPEAL from Superior Court, San Joaquin County; Ansel Smith, Judge.

---

[*] Rehearing denied.

Action by Robert B. Oullahan and others against Frank T. Baldwin and others to recover brokerage commissions under contract of defendants with Gaman & Lyon, assigned to plaintiffs. From a judgment for defendants, plaintiffs appeal. Affirmed.

Mich. Mullaney, Louttit, Woods & Levinsky, Carter & Smith, and F. H. Smith for appellants; J. C. Campbell and Nicol & Orr for respondents.

GAROUTTE, J.—This action was brought by a real estate broker to recover commissions for services performed in finding a purchaser of certain real estate. Judgment went for respondents, and this appeal is prosecuted from that judgment, upon a bill of exceptions setting out the evidence. The court is now asked to reverse the judgment upon the evidence, and order a judgment for appellants; but it has no power to make such an order upon this record, for the findings of fact are against appellants, and it is only when those findings are favorable to an appellant that judgment may be ordered in his favor. Here those findings are attacked as unsupported by the evidence, and under such circumstances a new trial is all the relief that could be granted by this court, conceding the appeal to be meritorious. The case has been before the court in the past (100 Cal. 648, 35 Pac. 310); and a new trial was then ordered upon practically the same grounds relied upon by this appeal, namely, the insufficiency of the evidence to support the findings of fact. At that time the case was carefully considered from the standpoint of both law and fact, and for that reason we deem it unnecessary to now express our views in detail. In various particulars the evidence is materially different from that disclosed by the record upon the previous appeal; hence the doctrine of the law of the case cannot be invoked. And, weighing and testing this evidence as to its sufficiency, we have concluded that the findings of fact have sufficient support therein. Upon the most material issues of fact we find a sharp conflict, and as to those issues the evidence of respondents is now much more direct and explicit than that given at the previous trial

The court made the following findings of fact: "That defendants were at all times from the making of such power of attorney to Gaman & Lyon to and including the whole of the twenty-second day of September, 1887, ready, able, and

willing to sell said lands to said Barrows on the terms and conditions stated in said power of attorney, and were ready, able, and willing to enter into a written agreement with said Barrows for the sale of said premises; that said Barrows was not ready or willing to purchase said lands on the terms and conditions set forth in said power of attorney, nor was he at any time ready or willing to pay defendants for said premises on the terms and conditions set forth in said power of attorney, made by defendants to Gaman & Lyon.'' Again: ''That defendants then requested said Barrows to enter into a written contract with them for the purchase of said premises in accordance with the terms and conditions set forth in the power of attorney by them made with said Gaman & Lyon, and then demanded payment of $10,000 in accordance with the terms of said power of attorney; that said Barrows refused to make or enter into any agreement with defendants for the purchase of said premises.'' These findings of fact were supported by the evidence of Judge Budd and respondent McDougall, and, even conceding findings of fact looking in the opposite direction would not be disturbed by this court as being without support in the evidence, still such concession gives appellants no help here. The record now discloses that Dr. Barrows withdrew from all negotiations at noon upon September 22d. Hence any acts of his brokers after that time would avail nothing in proving Barrows a purchaser ready, able and willing to purchase under the terms of the contract. For the foregoing reasons the judgment is affirmed.

We concur: Van Fleet, J.; Harrison, J.